UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD

LAWRENCE R. ZERMAN,
     Appellant,

     v.

DEPARTMENT OF THE ARMY,
     Agency.

DOCKET NUMBER
CH-0752-22-0009-I-1

DATE: August 11, 2023

# THIS ORDER IS NONPRECEDENTIAL[1]

Lawrence R. Zerman, St. Louis, Missouri, pro se.

Eric J. Teegarden, Esquire, Fort McCoy, Wisconsin, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## REMAND ORDER

¶1     The appellant has filed a petition for review of the initial decision, which dismissed his termination appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the case to the Central Regional Office for further

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

adjudication as an individual right of action (IRA) appeal in accordance with this Remand Order.

## BACKGROUND

¶2    The appellant retired from a position with the Department of Agriculture in April 2003.  Initial Appeal File (IAF), Tab 7 at 18-19.  In November 2004, the Department of the Army appointed him as a reemployed Civil Service Retirement System annuitant.  *Id.* at 16-17.  The Standard Form 50 (SF-50) that memorialized his appointment noted, "[a]s a reemployed annuitant, you serve at the will of the appointing officer."  *Id.* at 17.  The agency terminated his employment in August 2021.  *Id.* at 15-16.

¶3    The appellant filed this appeal of his termination with the Board.  IAF, Tab 1 at 1, 3.  He did not register as an e-filer.  In the Acknowledgment Order that confirmed receipt of the appeal, the administrative judge informed the appellant that generally the Board may not have jurisdiction over his termination because he was a reemployed annuitant.  IAF, Tab 2 at 2.  The order required the appellant to file evidence and argument establishing the Board's jurisdiction over the appeal and provide the agency with an opportunity to reply.  *Id.*  The appellant responded, and the agency replied to his response.  IAF, Tab 6, Tab 7 at 6-8.

¶4    On December 13, 2021, the administrative judge issued a more specific order advising the appellant that if he continued to receive an annuity while reemployed, he had "no general right" to appeal his separation to the Board.  IAF, Tab 8 at 2.  She noted exceptions to this rule, including for a claim of reprisal for engaging in certain protected activity or making a protected disclosure.  *Id.* at 2-3 & nn.1-3.  She again ordered the appellant to show cause why his appeal should not be dismissed for lack of Board jurisdiction.  *Id.* at 4.  She instructed him to respond by December 22, 2021, and advised the parties that the record on jurisdiction would close on that date.  *Id.* at 1, 4.

¶5          After receiving no response to her December 13, 2021 order, the administrative judge issued an initial decision on January 4, 2022, dismissing the appeal for lack of jurisdiction.  IAF, Tab 9, Initial Decision (ID) at 1, 5.  The initial decision stated that it would become final on February 8, 2022, unless a petition for review was filed by that date.  ID at 5.  On January 4, 2022, the appellant submitted a response to the order to show cause in which he asserted the agency terminated his employment in retaliation for his prior whistleblowing activity.  Petition for Review (PFR) File, Tab 1 at 5.  The following day, the administrative judge issued an order rejecting and returning the submission of the appellant's response faxed on January 4, 2022, because the record had closed and she had issued an initial decision.  *Id.* at 4.

¶6          The appellant filed a petition for review, which the Office of the Clerk of the Board received on February 16, 2022.  PFR File, Tab 1 at 1, Tab 2 at 1.  He argues that based on his lengthy employment with the agency, the Board has jurisdiction over his appeal.  PFR File, Tab 1 at 103.  He further asserts that he timely faxed a request for an extension of time to respond to the order to show cause on December 21, 2021, and has attached a fax receipt.  PFR File, Tab 1 at 3, 6-7.  He has also filed a motion to accept his petition for review as timely.  PFR File, Tab 2 at 1-2, Tab 3.  Additionally, in the motion, he asserts that he mailed the petition for review to the Board on February 1, 2022.  PFR File, Tab 3 at 1.  The record includes a copy of the envelope in which the petition for review and attachments were mailed.  PFR File, Tab 1 at 10-11.  The envelope does not show any postmark information.  *Id.*  The agency has responded to the petition for review.  PFR File, Tab 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

The appellant timely filed his petition for review.

¶7          The initial decision in this case was issued on January 4, 2022.  ID at 1; IAF, Tab 10.  To be timely, a petition for review must be filed within 35 days of

the date of the initial decision's issuance or, if the decision was received more than 5 days after the date of issuance, within 30 days after receipt. *Gaetos v. Department of Veterans Affairs*, 121 M.S.P.R. 201, ¶ 4 (2014); 5 C.F.R. § 1201.114(e). The appellant has the burden of proof on timeliness. *Wrighten v. Department of the Army*, 92 M.S.P.R. 71, ¶ 3 (2002); 5 C.F.R. § 1201.56(b)(2)(i)(B). Here, the appellant has not alleged that the initial decision was received more than 5 days after the date of issuance. Accordingly, the deadline for the appellant to file his petition for review was 35 days after the initial decision was issued, which was February 8, 2022. PFR File, Tab 2 at 1; *see Gaetos*, 121 M.S.P.R. 201, ¶ 4 (concluding that, because an appellant had not alleged that she received the initial decision more than 5 days after its issuance, her deadline to file the petition for review was 35 days after the initial decision was issued).

¶8      The appellant mailed his petition for review. PFR File, Tab 1 at 10-11. However, the envelope in which the petition was mailed does not bear a postmark. PFR File, Tab 1 at 10. The date of filing by mail is determined by the postmark but when, as here, the postmark is missing, the Board will presume that the submission was mailed 5 business days prior to receipt. 5 C.F.R. § 1201.4(*l*). In this instance, 5 business days prior to the Board's February 16, 2022 receipt of the petition was February 9, 2022, which would render the petition untimely filed by 1 day.

¶9      Notwithstanding the 5-day mailing presumption, a party may establish that his pleading was timely filed by presenting credible, unrebutted evidence in the form of an affidavit or sworn statement that his pleading was actually placed in the Postal Service mail stream before the filing deadline. *Raphel v. Department of the Army*, 50 M.S.P.R. 614, 617-18 (1991) (finding that the presumption a pleading was mailed on the date it was postmarked may be rebutted by presenting credible, unrebutted evidence in the form of an affidavit or sworn statement that, despite the postmark date, the pleading was actually placed in the Postal Service

mail stream before the filing deadline and thus was timely filed). Generally, an appellant's affidavit stating only that he mailed his petition for review on a particular date prior to the deadline, without any specific details concerning the mailing, is insufficient to establish that he timely placed the petition in the mail stream. *Gaydon v. U.S. Postal Service*, 62 M.S.P.R. 198, 200, 202-03 (1994).

¶10        In a sworn statement on review, the appellant states that he "mailed [the] petition [for review] to the Board on February 1, 2022[,] one week in advance of the deadline of February 8, 2022." PFR File, Tab 3 at 1-2. This affidavit alone is not sufficiently specific to rebut the presumption that the appellant mailed his petition for review on February 9, 2021. However, although not raised by the parties, we take official notice that in January and February 2022, the U.S. Postal Service experienced mailing delays in St. Louis, Missouri, and Washington, D.C. due to, among other factors, winter weather and staffing issues caused by the COVID-19 pandemic. *See* Christine Byers & Robert Townsend, *Postal service experiencing "challenge" in deliveries due to St. Louis storm*, 5 On Your Side (Feb. 4, 2022), https://www.ksdk.com/article/news/local/postal-service-delays-st-louis-snow-storm/63-d8eeedb2-941c-4672-9eab-290834e50a18; Justin Wm. Moyer, *Frustration builds in D.C. region over mail delays*, Washington Post (Jan. 11, 2022), https://www.washingtonpost.com/dc-md-va/2022/01/11/dc-mail-delays-snow-covid/; *see also* 5 C.F.R. § 1201.64 (reflecting that the Board may take official notice of a fact that is common knowledge or that can be verified, thus satisfying a party's burden of proving that fact). In the comparable circumstance of a party's alleged delayed receipt of mail between the United States and the Philippines, the Board has recognized that mail delivery between the two locations is frequently slow. *Exala v. Office of Personnel Management*, 84 M.S.P.R. 277, ¶ 3 (1999). Considering these delays, the Board has found it was not unreasonable to believe an appellant's unrebutted assertion that it took over 5 weeks for a Board order to reach him in the Philippines. *Id.*, ¶¶ 1-3. Similarly, we find that the mail delays during the February 2021 period lend

credence to the appellant's claim that he mailed the petition on February 1, 2021, particularly because it appears that he mailed his petition from St. Louis to Washington, D.C.  PFR File, Tab 1 at 10-11.  Therefore, we conclude that the appellant met his burden of proof that he timely mailed his petition for review to the Board.

<u>The administrative judge properly found that the Board lacks chapter 75 jurisdiction over the appellant's termination.</u>

¶11      The appellant alleges on review that his over 16 years of tenure as a reemployed annuitant brought him within the definition of an "employee" under chapter 75, and thus he has the right to appeal his termination to the Board.  PFR File, Tab 1 at 1-3.  The administrative judge found that the appellant failed to make a nonfrivolous allegation of Board jurisdiction over his appeal.  ID at 2-3.  To the extent that the administrative judge was addressing the Board's chapter 75 jurisdiction, we agree.

¶12      An individual receiving an annuity under the Civil Service Retirement System (CSRS) or the Federal Employees' Retirement System "serves at the will of the appointing authority."[2]  5 U.S.C. § 3323(b)(1).  As a consequence, a reemployed annuitant generally has no right to appeal his termination to the Board.  *Delalat v. Department of the Air Force*, 103 M.S.P.R. 448, ¶ 11 (2006).  Following his appointment, the appellant continued to receive annuity payments, as reflected on his appointment SF-50 by the annuity designation "CS-No Reduction," meaning his CSRS annuity continued after appointment without a reduction to his salary.  IAF, Tab 7 at 17; *see* Office of Personnel Management, Annuity Indicator,  https://dw.opm.gov/datastandards/referenceData/1396/current (last visited Aug. 10, 2023).

---

[2] There is an exception for administrative law judges; however, that provision does not apply here.  5 U.S.C. § 3323(b)(2).  The appellant was reemployed as a Human Resources Specialist.  IAF, Tab 7 at 15-17.

¶13     The appellant argues that the agency appointed him to a "hard to fill" position from which it did not terminate him in 2010, "when the necessity" for his position ceased, or in 2013, when "[t]he agency was directed for fiscal reasons to terminate all employees who could be terminated quickly."  PFR File, Tab 1 at 1-2.  He also argues that the agency treated him as a "non-reemployed annuitant."  *Id.* at 2.  In essence, he reiterates his claim below that his "continuous" employment gave him a "property right" to his position.  IAF, Tab 6 at 1-2; PFR File, Tab 1 at 2-3.

¶14     To the extent the appellant is arguing that he had a right to appeal his termination under chapter 75, he is mistaken.  The definition of an employee with adverse action appeal rights to the Board under chapter 75 is found at 5 U.S.C. § 7511(a)(1).  *Bryant v. Department of the Army*, 2022 MSPB 1, ¶ 8.  Regardless of the length of nature of a reemployed annuitant's service, he is expressly excluded from this definition by 5 U.S.C. § 7511(b)(4).  That provision explains that the definition of "employee" with chapter 75 appeal rights does not include an individual who is receiving a Federal civil service annuity.  5 U.S.C. § 7511(b)(4).  Further, an individual cannot establish that he meets the definition of employee under 5 U.S.C. § 7511(a)(1) under a continuing contract theory.  *Williams v. Merit Systems Protection Board*, 892 F.3d 1156, 1161-64 (Fed. Cir. 2018).  Absent jurisdiction over the appellant's termination, we cannot review whether the agency denied him due process.  *Bryant*, 2022 MSPB 1, ¶ 10.

We remand the appeal for a determination of whether the Board has IRA jurisdiction over the appellant's whistleblower reprisal claim.

¶15     On review, the appellant argues that the administrative judge improperly rejected his January 4, 2022 response to the order to show cause, in which he raised a claim of whistleblower reprisal.  We agree that the proceedings below leave open the question of the Board's jurisdiction over a potential IRA appeal, and we remand for the appellant to receive specific notice, and have an opportunity to respond, on the issue of Board IRA jurisdiction over his appeal.

¶16     In her December 13, 2021 order to show cause, the administrative judge advised the appellant of certain exceptions to the Board's general lack of jurisdiction over termination claims brought by reemployed annuitants, including an exception for IRA appeals.  IAF, Tab 8 at 2-3 & nn.1-3; *see Soto v. Department of Veterans Affairs*, 2022 MSPB 6, ¶ 4 n.1 (concluding that reemployed annuitants are not excluded from the Board's IRA jurisdiction).  The appellant asserts on review that on December 21, 2021, the day before the deadline for his response, he faxed a response to this order "[r]equest[ing] an extension to respond until January 5, 2022, due to unavailability of [his] advisor during the current holiday season."  IAF, Tab 8 at 4; PFR File, Tab 1 at 3.  Although the appellant's extension request is not in the record below, he has provided a copy on review, which included a fax receipt reflecting that the submission was successfully transmitted to the Board's Central Regional Office's fax number on December 21, 2021.  PFR File, Tab 1 at 6-7.  The agency has acknowledged on review that he made an extension request on that date.  PFR File, Tab 1 at 6-7, Tab 4 at 6.  Based on this evidence, we find that the appellant timely requested an extension.  *Odom v. U.S. Postal Service*, 67 M.S.P.R. 511, 513-14 (1995) (determining that a petition for review was timely filed when the appellant's counsel submitted an unrebutted declaration affirming that he faxed the petition before the deadline passed, along with a fax sheet indicating successful transmission).

¶17     Further, on January 4, 2022, the appellant filed his response to the order to show cause, asserting for the first time that his termination was the result of whistleblower reprisal.  PFR File, Tab 1 at 5.  The administrative judge rejected this submission on the basis that the record for jurisdiction had closed and she had issued her initial decision.  *Id.* at 4-5.  Determining when to close the record is a matter within the sound discretion of the administrative judge.  *Robinson v. Department of the Army*, 50 M.S.P.R. 412, 419 (1991).  Nonetheless, when, as here, an appeal is decided without a hearing, the procedures used must comport

with the basic requirements of fairness and notice, including an opportunity to respond to submissions of the parties. *Id.* We find that the administrative judge's earlier failure to rule on the appellant's extension request created confusion for this pro se appellant that may have delayed his assertion of his whistleblower reprisal claim. IAF, Tab 1 at 6. Further, the issue of jurisdiction is always before the Board, and may be raised by either party or sua sponte by the Board at any time during a Board proceeding. *Moncada v. Executive Office of the President*, 2022 MSPB 25, ¶ 12. Therefore, we have considered the appellant's assertion of whistleblower reprisal.

¶18     The appellant's submission is not sufficient to establish IRA jurisdiction. To do so, an appellant must have exhausted his administrative remedies before the Office of Special Counsel (OSC) and make nonfrivolous allegations of the following: (1) he made a protected disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in protected activity as specified in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take, or threaten to take or fail to take, a personnel action as defined by 5 U.S.C. § 2302(a)(2)(A). *Spivey v. Department of Justice*, 2022 MSPB 24, ¶ 5. The appellant submission does not indicate whether he exhausted his remedy with OSC, the nature of his alleged disclosures or activities, or any facts from which to determine that they were a contributing factor in his termination. PFR File, Tab 1 at 5. Further, these details are not contained in his earlier submissions. IAF, Tabs 1, 6.

¶19     Nonetheless, we find that we must remand this appeal. An appellant must receive explicit information on what is required to establish an appealable jurisdictional issue. *Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643-44 (Fed. Cir. 1985). The administrative judge's order to show cause did not advise the appellant regarding how to establish jurisdiction over an IRA appeal or instruct him how to meet the jurisdictional requirements. IAF, Tab 8. Instead,

the order stated that "[i]f [the appellant] indicate[d] that [he] intend[ed] to pursue" such a claim, the administrative judge would issue an additional notice of the "specific proof required as to jurisdiction and the merits of the claim." *Id.* at 4. The agency's submissions and the initial decision did not provide information regarding how to establish IRA jurisdiction. IAF, Tab 7; ID. We therefore remand the appeal for the appellant to receive such information and to allow the parties to submit evidence and argument on jurisdiction. *See Hudson v. Department of Veterans Affairs*, 104 M.S.P.R. 283, ¶¶ 7-8 (2006) (remanding an IRA appeal when the administrative judge failed to provide an appellant with specific notice of the exhaustion requirement or the issue of contributing factor below, and the agency's submissions and initial decision did not cure this oversight). If the administrative judge determinates that the Board has IRA jurisdiction, the administrative judge should proceed to adjudicate the appellant's claims on the merits.

## ORDER

¶20     For the reasons discussed above, we remand this case to the Central Regional Office for further adjudication in accordance with this Remand Order.


FOR THE BOARD:                         /s/ for
                                 _____
                                 Jennifer Everling
                                 Acting Clerk of the Board

Washington, D.C.